UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JOSE A. JARA, | No. C 11-00419 LB |
|            Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES** |
| v. | |
| AURORA LOAN SERVICES, LLC, *et al.*, | **[ECF No. 6]** |
|            Defendants. | |

## I. INTRODUCTION

Plaintiff Jose Jara sued Defendants Aurora Loan Services, Mortgage Electronic Registration Systems, and California Western Reconveyance in state court, alleging that Defendants violated federal and state law in connection with a trustee's sale of his property in South San Francisco, California. *See generally* Complaint and First Amended Complaint, ECF No. 1 at 6-13 and 41-48.[1] Defendants Aurora Loan Services and Mortgage Electronic Registration Systems (MERS) removed the case to federal court. Notice of Removal, ECF No. 1. All parties have consented to this court's jurisdiction. ECF Nos. 5, 11, 24.

Plaintiff argues that removal was untimely and the removal notice was defective, and thus asks for remand and attorney's fees. Following a hearing on June 2, 2011, and for the reasons in this

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-00419 LB
ORDER DENYING MOTION TO REMAND

order, the court holds that removal was timely and proper, denies remand, and denies attorney's fees.

## II.  FACTS

There were two state actions about the foreclosure on Mr. Jara's South San Francisco property. The first was Aurora's unlawful detainer action against Mr. Jara in San Mateo Superior Court, civil case number CLJ 202481, to essentially enforce the trustee's sale of Mr. Jara's property to Aurora. *See* Jara's Motion to Consolidate State Cases, ECF No. 1 at 69. The second is Mr. Jara's complaint challenging that sale. He sued Aurora (licensed in California), MERS (a Delaware corporation), and California Western Reconveyance (licensed in California) in San Mateo in civil case number 500504. *See* Complaint, ECF No. 1 at 6-13; First Amended Complaint, ECF No. 1 at 41-48. Mr. Jara's complaint alleges violations of federal and state law based on Defendants' actions in recording a notice of default against the property and subsequently selling it at a trustee's sale. *See* First Amended Complaint, ECF No. 1 at 6-13 (alleging, among other things, that Aurora agreed to a loan modification, he was current in his loan payments, the notice of default was invalid, the sale violated identified federal laws, and MERS was an out-of-state corporation that could not effect a trustee's sale; for these reasons, the sale was invalid). This second case is the case that Defendants removed to federal court.

The time line and events in state court are relevant to understanding the parties' arguments about whether removal was timely or effective. The court discusses first what the record shows about service of the complaint and then what documents were filed as part of the removal.

**A.  <u>Facts Relevant to Service and the Timing of Removal</u>**

Aurora filed its state unlawful detainer complaint on October 5, 2010. *See* Motion to Remand, ECF No. 8 at 4. Mr. Jara filed his complaint in state court on November 10, 2010, *see* ECF No. 1 at 6, and simultaneously moved ex parte to have the state court shorten the time for a hearing to stay the unlawful detainer action and consolidate the two state cases. Ex Parte Application, ECF No. 16-1 at 79; Patricia Turnage Declaration, ECF No. 7 at ¶ 3. At the November 10, 2010 hearing on the ex parte application, James Watson from the Endres Law Firm specially appeared for Aurora. Turnage Declaration, ECF No. 7 at ¶ 4; James Watson Declaration, ECF No. 16-3 at ¶ 2.

According to Plaintiff's counsel Ms. Turnage, the judge at the November 10 hearing granted the

1 motion to shorten time, set the motion to stay for November 23 before a law and motions judge, and
2 ordered Mrs. Turnage to serve Aurora's counsel with the complaint by serving the Endres law firm
3 by facsimile. Turnage Declaration, ECF No. 7 at ¶ 4; Patricia Turnage Supplemental Declaration,
4 ECF No. 25 at ¶ 4. Ms. Turnage served the firm by fax at the fax number Mr. Watson gave her.
5 Turner Declaration, ECF No. 7, ¶ 5; Turner Supplemental Declaration, ECF No. 25, ¶ 6 (Mr.
6 Watson made no objection to this process). At the November 23 hearing on the motion to
7 consolidate the cases and stay the unlawful detainer, Mr. Watson specially appeared again for
8 Aurora. Watson Declaration, ECF No. 16-3 at ¶ 4. At the November 23, 2010 hearing, the superior
9 court granted the motion to consolidate, stayed the unlawful detainer action, and ordered that Jara's
10 complaint should proceed first. 11/23/10 Order, Case No. 500504, ECF No. 16-1 at 72-73
11 (Buchwald, J.).

12     At the hearing, Ms. Turnage advised the court that Mr. Jara might have a buyer for the property
13 and asked the court to facilitate a discussion. Turnage Declaration, ECF No. 7 at ¶ 9. The court
14 asked counsel (Ms. Turnage and Mr. Watson) to discuss the matter in the hall, and after the hearing,
15 they discussed the possible third-party purchase in the hallway with Aurora's real estate broker. *Id.*
16 at ¶¶ 9-10. Mr. Watson encouraged Ms. Turnage to speak with the broker. *Id.*, ¶ 10. The broker
17 (named Mark) told her to talk with Aurora's attorneys further and said to contact Mr. Endres and the
18 Endres law firm. *Id.*, ¶ 11; Turnage Supplemental Declaration, ECF No. 25, ¶ 9. Ms. Turnage
19 followed up with Eric Fernandez at the Endres firm about the third party purchase, leaving a detailed
20 message, but he did not return her call. Turnage Supplemental Declaration, ECF No. 25, ¶ 11.

21     According to Mr. Watson, he only appeared at the November 10 and November 23 hearings
22 regarding Aurora's unlawful detainer action, not regarding Jara's complaint. Watson Declaration,
23 ECF No. 16-3, ¶ 3. He "did not represent to the Superior Court or Jara's counsel [at either hearing]
24 . . . that he was appearing on behalf of Aurora with respect to the Unlimited [Jara] Action," that he
25 or the Endres firm were "authorized to accept service of process on behalf of Aurora with respect to
26 the Unlimited [Jara] action," or that Jara's complaint should be served at the Endres firm. Turnage
27 Supplemental Declaration, ECF No. 25, ¶¶ 6-8. Mr. Fernandez confirms that the Endres firm never
28 represented Aurora in Jara's action, never represented that they did, were not authorized to accept

service, and never represented that they were. Eric Fernandez Declaration, ECF No. 16-2, ¶¶ 2-5.

Plaintiff takes a different view of Mr. Watson's appearance at the November 10 and 23 hearings. According to Ms. Turnage, Mr. Watson specially appeared on November 10 and "[a]gain Mr. Watson appeared on behalf of Aurora [on November 23]. Mr. Watson made representations to the court that he was there on behalf of Aurora. He made no distinction to the court [at either hearing] that he was there only to represent . . . [Aurora] in the UD [unlawful detainer] action. No other counsel appeared purporting to represent Aurora on the [Jara] Complaint." Turnage Declaration, ECF No. 7, ¶¶ 3, 6. Similarly, Mr. Watson "did not tell [Ms. Turnage during the conversation about the possible third-party purchase] . . . that he did not represent Aurora in those matters." *Id.*, ¶ 10. In her supplemental declaration, Ms. Turnage adds that she talked to Mr. Watson before the November 10 hearing, he explained that he often appeared in unlawful detainer matters, and she essentially was surprised when he specially appeared on Jara's complaint too. Turnage Supplemental Declaration, ECF No. 25, ¶ 4. He gave her the fax number to serve him on November 10 and did not object to the process, thus leading the court to believe that the firm would accept service. *Id.*, ¶ 6. After the hearing on the motion to consolidate (meaning after November 23), Mr. Watson also said that he was going to ask to move up the first case management conference in the consolidated action, which confirmed to Ms. Turnage that he represented Aurora in both cases. *Id.*, ¶ 10.

On November 23, 2010, Plaintiff amended the complaint to include attorney's fees in the prayer for relief. Turnage Declaration ECF No. 7, ¶ 13 (fees were requested in the body of the earlier complaint so change was insignificant). Plaintiff "caused the First Amended Complaint to be served on the Endres law firm" that same day. *Id.*, ¶ 13. She had "no reason to think Aurora would be represented by any counsel other than the Endres Law Firm. This understanding came from Mr. Watson's silence on the subject before the court and in the hallway." *Id.*

Ms. Turnage also did the following. On November 29, 2010, she called to speak with counsel at the Endres firm and left a message to call back about a possible third-party purchaser of the property. No one called back. *Id.*, ¶ 14. On December 3, 2010, she filed a Notice of Lis Pendes against the South San Francisco property and "caused [it] . . . to be served on the Endres Law Firm."

She heard nothing from the firm saying that it could not accept service. *Id.*, ¶ 14. On December 3, 2010, she prepared the proposed order documenting the superior court's consolidation of the civil cases and stay of the detainer action and "forwarded it to the Endres law firm." She heard nothing from the firm saying that it was not authorized to review and accept the order. *Id.*, ¶ 16. On December 7, 2010, she served on the Endres firm the recorded Notice of Lis Pendens and the notice of case management and ADR packet for the Jara action. She heard nothing from the firm saying that it was not representing Aurora. Turnage Supplemental Declaration, ECF No. 25, ¶¶ 14-15.

On December 22, 2010, James Balser contacted Ms. Turnage, said that the Endres law firm could not accept service of the First Amended Complaint, and said that he had been hired to defend the consolidated action. Turnage Declaration, ECF No. 7, ¶ 17. On December 30, 2010, Mr. Balser signed acknowledgments of receipt of Mr. Jara's first amended complaint and the summons on behalf of Aurora and MERS. Proof of Service, ECF No. 1 at 51, Ex. 3 (Aurora); Proof of Service, ECF No. 16-1 at 5, Ex. 2 (MERS).

On January 28, 2011, twenty-nine days after signing the acknowledgments of receipt, Aurora and MERS removed this case (but not the unlawful detainer action) to federal court. Notice of Removal, ECF No. 1. On February 2, 2011, five calendar days and three business days after they filed removal papers in federal court, Aurora and MERS filed a notice of removal in San Mateo County Superior Court. Notice of Removal, ECF No. 16-1 at 7-8, Ex. 3

**B. Documents Filed As Part of Removal Proceedings**

Certain documents are attached to ECF No. 1, the notice of removal to federal court filed on January 28, 2011. Those documents include the following: (1) Exhibit 1, which is the complaint and its exhibits (notice of default, trustee's deed upon sale, and Mr. Jara's loan payments), *see* ECF No. 1 at 6-39; (2) Exhibit 2, the first amended complaint, *see id.* at 40-49; (3) Exhibit 3, the executed notice and acknowledgment of service of the first amended complaint, *see id.* at 50-51; and (4) Exhibit 4, the "process, pleadings, and orders on file in the State Court Action," which are documents in Jara's state case in civil case number 500504, including proofs of service, the judge's November 23 order consolidating the cases and staying the unlawful detainer case, and the November 10 ex parte application to stay the case, *see id.* at 3, ¶ 9, and 52-85.

## III.  DISCUSSION

Plaintiff objects to removal on two grounds: (A) Defendants did not remove the case within 30 days of service; and (B) removal is defective because not all of the state court filings were attached to the notice of removal.

Defendants seeking to remove a case to federal court bear the burden of showing federal jurisdiction and compliance with the requirements for removal. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  Preliminarily, the parties do not contest that the court has subject-matter jurisdiction, presumably because the complaint includes federal question claims, which in turn give the court jurisdiction over the state law claims. *See* First Amended Complaint, ECF No. 1 at 45-46, ¶¶ 23-30 (claims made under the Real Estate Settlement Procedures Act (12 U.S.C. §§ 2601 *et seq.*), the Truth in Lending Act (15 U.S.C. §§ 1641 *et seq.*), and the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*); Motion to Remand, ECF No. 8 at 5; Opposition, ECF No. 16 at 4.

The issues here then are only timeliness of removal and compliance with other procedures. The court holds that removal was timely and that the removal procedures were not defective.

### A.  **Timeliness of Removal**

The complaint here shows federal questions, and thus removability appears on the face of the complaint.  That means that the notice of removal must be filed within 30 days after receiving the initial complaint "through service or otherwise" or within "30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b).  The words "or otherwise" do not dispense with the requirements for formal service of process. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  Under California law, service on corporations may be accomplished by serving the summons and complaint on certain persons (like the person designated as agent for service of process) by methods that include personal service, substitute service, and mail coupled with acknowledgment of receipt. *See* Cal. Code Civ. P. §§ 415.10, .20, .30, .50, 416.10.  Service to an entity outside of California may be accomplished by first class-mail with a return receipt.  Cal. Civ. Code § 415.40.  Facsimile is not one of the methods for service.

The bottom line here is that Plaintiff did not serve Defendants.  Instead, Ms. Turnage provided

the initial complaint by facsimile to the Endres law firm, thinking that the firm had somehow agreed to accept service by facsimile. This record does not establish that explicit agreement, for example, by establishing explicit representations at the November 10, 2010 state court hearing. Indeed, there is no transcript of that hearing. What the record shows is that Plaintiff assumed that service was accepted, and Defendants never agreed to accept service.

Defendants did accept service, however, on December 30, 2010. The thirty-day period ran from then, which means that the notice of removal filed on January 28, 2011 was timely. Also, Plaintiff does not dispute that service on MERS was effective only on December 30, 2011. MERS also had the right to remove the case to federal court within 30 days after service. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (each defendant is entitled to 30 days to exercise his removal rights after being served).

One related issue is whether all Defendants acquiesced to removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (all defendants must join in the application for removal). Defendant California Western Reconveyance has been served and consented to this court's jurisdiction. *See* ECF No. 24. California Western's counsel apparently is taking no position on Plaintiff's motion to remand, and asked for an extension of time to file an answer only to ensure that her client had an adequate time to respond. Declaration of Glen Moss, ECF No. 26 at ¶ 2. California Western had notice of the June 2, 2011 hearing date. *Id.*, ¶ 3 and attached proof of service.

## B. Other Defects in Removal

Plaintiff argues that the removal papers should have included the filings in the unlawful detainer action too. *See* 28 U.S.C. § 1446(a) (requires notice of removal with a short and plain statement of the ground for removal, together with copies of the process, pleadings, and orders served on the defendants). But as Defendants point out, the only case properly removed is this case, which is the only case with federal claims. The detainer case remains a separate case. Opposition, ECF No. 16 at 7. Indeed, the superior court's order designated this case the lead case and stayed the unlawful detainer pending the resolution of Plaintiff's challenges to the trustee's sale. *See* 11/23/10 Order, Case No. 500504, ECF No. 16-1 at 72-73. Given that the unlawful detainer action is a separate case,

Aurora and MERS were not required to file the documents associated with the unlawful detainer action as part of the removal notice.

The issue for Plaintiff is not really the federal forum but instead seems to be whether the unlawful detainer case will be stayed during the pendency of the federal action. *See* Motion to Remand, ECF No. 8 at 8-10. Indeed, Plaintiff prepared a stipulation about removing the entire case here. *Id.* at 4; Declaration of Glenn Moss, ECF No. 10, ¶ 2. Plaintiff's counsel confirmed this concern at oral argument. Defendants point out that removal does not change anything except for the identity of the court addressing Jara's complaint. Opposition, ECF No. 16 at 7. The court agrees that the state court's decision to stay the detainer action should not be altered merely because the case with federal questions was removed to federal court. Defendants confirmed at the June 2 hearing that they agreed that the state court unlawful detainer case should and will remain stayed pending this court's consideration of Jara's now-federal case. Put another way, they assured the court that they would not seek to lift the stay in the unlawful detainer action and that this case would precede the state detainer action, just as the state court ordered.

Plaintiff also challenges Defendants' alleged failure to "promptly" file a copy of the notice of removal with the state court. Motion to Remand, ECF No. 8 at 9. The argument seems to be that the notice in state court was filed on February 2, 2011 (a few days after the January 28 notice of removal here), and (again) that the notice ignores the consolidation order. *Id.* The superior court directed that all filings for both cases be filed under civil case number 500504, so notice is effective as to both cases. To the extent that Plaintiff argues that the several-day lapse means that notice in state court was not filed "promptly," the court rejects that argument. *See, e.g., Rubin v. Air China, Ltd.*, No. C 10-5110 LHK, 2011 WL 1002099, at * 4 (N.D. Cal. Mar. 21, 2011) (collecting cases) ("promptly" does not mean "simultaneously;" eight-day delay in filing notice of removal with state court did not warrant remand).

Because the court denies remand, it also denies Plaintiff's motion for attorney's fees. *See* 28 U.S.C. § 1447(c) (authorizes attorney's fees upon remand of a case to state court)).

## IV.  CONCLUSION

The court **DENIES** Mr. Jara's motion to remand and request for attorney's fees.

C 11-00419 LB
ORDER DENYING MOTION TO REMAND
8

1   The court sets an initial case management conference for August 25, 2011 at 10:30 a.m. in
2 Courtroom 4.  The parties shall submit a joint case management conference by August 18, 2011.
3   This disposes of ECF No. 6.
4   **IT IS SO ORDERED.**
5 Dated: June 6, 2011

_____
LAUREL BEELER
United States Magistrate Judge