**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1
2
3
4
5
6
7
8      UNITED STATES  DISTRICT COURT
9      Northern District of California
10     Oakland Division

11  JOSE A. JARA,                          No. C 11-00419 LB

12              Plaintiff,                 **ORDER STRIKING PLAINTIFF'S**
                                           **SECOND AMENDED COMPLAINT**
13     v.                                  **FROM THE RECORD**

    AURORA LOAN SERVICES, *et al.*,        **[ECF Nos. 41, 42]**
14
                Defendants.
15  _____/

16      On November 10, 2010, Plaintiff Jose Jara filed a complaint in San Mateo County Superior

17  Court alleging that Defendants violated various state and federal laws in connection with a

18  mortgage, a loan modification, and a trustee's sale of property located at 330 Arbor Drive, South

19  San Francisco.  Complaint, ECF No. 1 at 6-36.[1]  He then filed an amended complaint on November

20  23, 2010.  First Amended Complaint (FAC), ECF No. 1 at 41-49.  Defendants Aurora Loan Services

21  and Mortgage Electronic Registration Systems (MERS) removed the case to federal court on

22  January 28, 2011.  Notice of Removal, ECF No. 1.

23      Defendants moved to dismiss Mr. Jara's first amended complaint on June 28, 2011.  Motion to

24  Dismiss, ECF No. 33; Joinder (California Western Reconveyance), ECF No. 34.  Mr. Jara did not

25
26
27
    _____

28      [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
    number at the top of the document, not the pages at the bottom.

1   file an opposition, which was due on July 12, 2011.  Civ. L.R. 7-3.[2]  On August 16, 2011, Mr. Jara

2   filed a "first amended complaint in federal court" (what really is his proposed second amended

3   complaint).  ECF No. 41.  Defendants moved to strike Mr. Jara's "first amended complaint in federal

4   court" on August 23, 2011.  Motion to Strike, ECF No. 42.

5       Mr. Jara apparently believed that he could file a "first amended complaint in federal court" as a

6   matter of course.  However, when a case is removed to federal court, "the federal court . . . treats

7   everything that occurred in the state court as if it had taken place in federal court."  *See Carvalho v.*

8   *Equifax Info. Services, LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (quoting *Butner v. Neustadter*, 324

9   F.2d 783, 785 (9th Cir. 1963)).  Here, Mr. Jara filed a first amended complaint in state court on

10  November 23, 2010.  FAC, ECF No. 1 at 41-49.  Under Federal Rule of Civil Procedure 15(a)(1), a

11  plaintiff may amend his complaint *once* as a matter of course within 21 days of serving the original

12  complaint or, "if the pleading is one to which a responsive pleading is required, . . . 21 days after

13  service of a motion under Rule 12(b), (e), or (f)."  A plaintiff may file subsequent amendments only

14  with the opposing party's written consent or with the court's permission. Fed. R. Civ. P. 15(a)(2);

15  *see also Howell v. City of Fresno*, No. CV-F-07-371 OWW/TAG, 2007 WL 1501844, at *2 (E.D.

16  Cal. May 23, 2007) (striking a second amended complaint where the plaintiff already filed an

17  amended complaint prior to removal and did not obtain the defendants' permission or the court's

18  leave to file a second amended complaint).  Thus, Mr. Jara required either Defendants' written

19  consent or the court's permission before filing a second amended complaint because (1) he already

20  filed a first amended complaint as a matter of course and (2) he filed the second amended complaint

21  more than 21 days after Defendants filed their motion to dismiss.  *Id.*  Mr. Jara did not file a

22  stipulation demonstrating Defendants' written consent to the second amended complaint and he did

23  not seek the court's permission before filing it.  Accordingly, the court orders the following:

24

---

25      [2] Under the Civil Local Rules that were in effect prior to June 2, 2011, Mr. Jara's opposition
    would have been due by August 11, 2011.  *See* Civ. L.R. 7-3(a) ("Any opposition to a motion must
26  be served and filed not less than 21 days before the hearing date.") (amended effective June 2,
    2011).  Mr. Jara filed the amended complaint on August 16, 2011.  ECF No. 41.  Thus, even if Mr.
27  Jara believed that the old Local Rules remained in effect, the deadline under those rules for Mr.
    Jara's opposition had passed five days before he filed his "first amended complaint in federal court."
28

*UNITED STATES DISTRICT COURT*
*For the Northern District of California*

1.  The court **GRANTS** Defendants' motion to strike Mr. Jara's "first amended complaint in federal court."

2.  By September 1, 2011, Mr. Jara shall file either the parties' stipulation to the filing of a second amended complaint or a motion for leave to file a second amended complaint.  Any opposition to a motion for leave to amend is due by September 15, and the optional reply is due by September 22.  Alternatively, if Mr. Jara elects not to seek leave to file an amended complaint, he shall file his opposition to the motions to dismiss by September 1, 2011 and Defendants may file an optional reply by September 8, 2011.

3.  The court vacates the hearing currently set for September 1, 2011 and resets the hearing for October 6, 2011 at 11:00 a.m.

4.  The court cautions Mr. Jara to comply with Civil Local Rule 7 for all future motions and oppositions.

This disposes of ECF No. 42.

**IT IS SO ORDERED.**

Dated: August 24, 2011

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-00419 LB
ORDER STRIKING ECF NO. 41

3