UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JOSE A. JARA, | No. CV 11-00419 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| AURORA LOAN SERVICES LLC, et al., | |
| Defendants. | |
| _____/ | [ECF Nos. 33, 34, 44] |

## I. INTRODUCTION

Plaintiff Jose Jara sued Defendants Aurora Loan Services ("Aurora"), Mortgage Electronic Registration Systems ("MERS"), and California Western Reconveyance ("Cal Western") (collectively, "Defendants") for violation of federal and state law in connection with a trustee's sale of his property in South San Francisco, California. Notice of Removal, Ex. 2, FAC, ECF No. 1 at 41–48.[1]

Before the court are Defendants' two motions to dismiss and Mr. Jara's motion for leave to file an amended complaint. Motion to Dismiss (Aurora and MERS), ECF No. 33; Joinder and Motion (Cal Western), ECF No. 34; Motion For Permission to File Amended Complaint, ECF No. 44. Pursuant to Civil Local Rule 7-1(b), the court finds that these matters are suitable for determination without oral argument, and the October 6, 2011 hearing is vacated. For the reasons

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-00419 LB

explained below, the court GRANTS Mr. Jara's motion and DENIES AS MOOT Defendants' motions to dismiss.

## II. BACKGROUND

### A. Mr. Jara's Allegations

On January 18, 2006, Mr. Jara purchased property at 330 Arbor Drive in South San Francisco, California. FAC, ECF No. 1 at 42, ¶¶ 1, 6. To fund the purchase, he borrowed $865,000 from Pacific Community Mortgage, Inc., which packaged the loan as two separate notes. *Id.* at ¶ 6. Pacific subsequently transferred its servicing rights on the loans to Aurora. FAC, ECF No. 1 at 42-43, ¶¶ 6-7.

In 2008, Mr. Jara fell behind on his mortgage payments. FAC, ECF No. 1 at 43, ¶ 8. Aurora offered him a loan modification program, which he accepted. FAC, ECF No. 1 at 43, ¶ 9. Mr. Jara alleges that he was current on his obligations under the plan when MERS caused Cal Western to record a notice of default on the property. FAC, ECF No. 1 at 43, ¶ 10. He further alleges that Defendants did not attempt to contact him prior to recording the notice of default and Cal Western did not provide him with a debt validation notice prior to recording the default. FAC, ECF No. 1 at 43 at ¶ 11.

On August 25, 2010, Cal Western conducted a trustee's sale at which Aurora purchased the property. FAC, ECF No. 1 at 43, ¶ 13. Aurora subsequently filed an unlawful detainer action against Mr. Jara in San Mateo County Superior Court on October 5, 2010. *Id.* at ¶ 14.

### B. Procedural History

Mr. Jara filed the present lawsuit against Defendants in San Mateo County Superior Court on November 10, 2010. Complaint, ECF No. 1 at 6-36. Thirteen days later, on November 23, 2010, he filed a First Amended Complaint as a matter of right. FAC, ECF No. 1 at 41-49. The First Amended Complaint added attorneys fees and costs to the relief previously sought in the original complaint. *Compare* Complaint, ECF No. 1 at 13 *with* FAC, ECF No. 1 at 48. On January 28, 2011, Aurora and MERS removed the case to this court. Notice of Removal, ECF No. 1 at 1-4. The court denied Mr. Jara's motion to remand on June 6, 2011. 6/6/11 Order, ECF No. 30.

Defendants filed motions to dismiss the First Amended Complaint on June 28, 2011. Motion

to Dismiss (Aurora and MERS), ECF No. 33; Joinder and Motion (Cal Western), ECF No. 34.  Mr. Jara did not file an opposition to either motion, but instead filed on August 16, 2011 a Second Amended Complaint (titled as a "First Amended Complaint in Federal Court"), which the court struck from the record because he had neither Defendants' consent nor the court's permission to file it.  SAC, ECF No. 41; Order Striking Second Amended Complaint, ECF No. 43.  The court's order did, though, allow Mr. Jara to file a motion for leave to file another amended complaint, and he did so on August 29, 2011.  Order Striking Second Amended Complaint, ECF No. 43 at 3; Motion for Permission to File Amended Complaint, ECF No. 44.

Mr. Jara's proposed Third Amended Complaint – which is identical to his Second Amended Complaint that was stricken from the record – makes changes from his First Amended Complaint (filed in state court) to conform to federal rules, adds new claims under the National Housing Act, 12 U.S.C. § 1715(u), and California Civil Code § 2923.6, and seeks declaratory judgment.  *See* SAC, ECF No. 41.  In his motion, Mr. Jara explained that his proposed Third Amended Complaint also is meant to respond to the arguments Defendants' put forth in their motions to dismiss.  Motion for Permission to File Amended Complaint, ECF No. 44 at 6.  Defendants filed an opposition to Mr. Jara's motion to amend on September 12, 2011.  Opposition to Plaintiff's Motion to Amend, ECF No. 45.

### III. LEGAL STANDARDS

Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  This leave policy is applied with "extreme liberality."  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint.  *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  Delay alone is insufficient to justify denial of leave to amend.  *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997).  Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight."  *See Eminence Capital*, 316 F.3d at 1052.  Absent

prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id.* The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## IV. DISCUSSION

### A. Bad Faith

Defendants first contend that Mr. Jara has moved to file an amended complaint to "maximize the impact of an amended pleading . . . in such a way as to unnecessarily increase the costs of litigation" and that his "dilatory tactics" are merely an attempt to remain on the subject property. Opposition to Plaintiff's Motion to Amend, ECF No. 45 at 3. Defendants, however, provide no evidence of this, and, without evidence, their claim of bad faith is speculative. Indeed, Mr. Jara contends that he drafted the proposed amended complaint in part to respond to Defendants' motions to dismiss. Motion for Permission to File Amended Complaint, ECF No. 44 at 6. Accordingly, this factor supports allowing Mr. Jara to file a Third Amended Complaint.

### B. Undue Delay

Defendants claim that Mr. Jara waited too long to move to amend his complaint – 49 days after Defendants filed their motion to dismiss and 16 days before the hearing on that motion. Opposition to Plaintiff's Motion to Amend, ECF No. 45 at 3. He could have done so earlier, they say, because he knew all of the facts and potential legal claims when he filed his First Amended Complaint in state court on November 23, 2010. *Id.*

Their argument fails. While courts have denied motions to amend where the moving party knew of all of the facts and legal theories when the original complaint was filed, *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), that is not entirely the case here. As mentioned above, one of the reasons Mr. Jara says he amended the complaint was to respond to Defendants' motions to dismiss. Motion for Permission to File Amended Complaint, ECF No. 44 at 6. Because he has attempted to cure the deficiencies pointed out by Defendants – something he could not possibly have done before Defendants pointed them out in their motions to dismiss – the court finds that there was no undue

1  delay.[2]

2  **C. Prejudice to the Opposing Party**

3  Defendants say they have experienced, and will continue to experience, prejudice if the court
4  permits Mr. Jara to file an amended complaint because they have already incurred unnecessary
5  expenses in moving to dismiss Mr. Jara's First Amended Complaint and to strike his Second
6  Amended Complaint and because they will incur additional expenses in responding a third one, "all
7  while [Mr. Jara] enjoys possession of the property at issue and the corresponding benefits of further
8  delay." Opposition to Plaintiff's Motion to Amend, ECF No. 45 at 3.

9  The Ninth Circuit has stated that prejudice is unlikely where no trial date has been set. *DCD*
10 *Programs, Ltd. v. Leighton,* 833 F.2d 183, 187-88 (9th Cir. 1987) (finding it was not prejudicial to
11 grant amended complaint during the discovery stage, when no trial date had been set and no pretrial
12 conference had been scheduled). In this case, *no* dates – let alone a trial date – have been set
13 because this case is still in the early stages. Additionally, having reviewed the proposed Third
14 Amended Complaint, the court finds that Defendants will not suffer prejudice because the new
15 allegations and new claims (to the extent they are not futile) "would [not] greatly alter[] the nature of
16 the litigation and would [not] require[] defendants to [] undertake[], at a late hour, an entirely new
17 course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).
18 In these circumstances, Defendants would not be unduly prejudiced should Mr. Jara be allowed to
19 file a Third Amended Complaint.

20 **D. Futility of Amendment**

21 In his proposed Third Amended Complaint, Mr. Jara seeks to add two new claims against
22 Defendants: one for violation of the National Housing Act, 12 U.S.C. § 1715(u), and one for

---

[2] The court also notes that Mr. Jara did not fail to comply with any deadline in a scheduling order or cause any undue delay in discovery or trial proceedings. *See Jacobson v. Rose*, 592 F.2d 515, 519 (9th Cir. 1978) (finding undue delay when plaintiff moved to amend on the second day of trial, nine months after the pretrial order, and discovery had been closed). In fact, a case management conference has yet to even occur.

C 11-00419 LB
5

1    violation of California Civil Code § 2923.6.[3]  Defendants argue that these statutes do not provide

2    Mr. Jara with a private right of action, so it would be futile for him to amend his complaint to add

3    them.  Defendants are correct.

4         "The question whether a statute creates a cause of action, either expressly or by implication,

5    is basically a matter of statutory construction."  *Opera Plaza Residential Parcel Homeowners Ass'n*

6    *v. Hoang*, 376 F.3d 831 (9th Cir. 2004).  As many courts have observed, the National Housing Act

7    "govern[s] relations between the mortgagee and the government, and give[s] the mortgagor no claim

8    for duty owed or for the mortgagee's failure to follow" the statute or its implementing regulations.

9    *Mitchell v. Chase Home Finance LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex.

10   Mar. 4, 2008) (citations omitted).  As a result, courts have held that the National Housing Act

11   generally does not contain a private right of action.  *See City of Rohnert Park v. Harris*, 601 F.2d

12   1040, 1046-47 (9th Cir. 1979); *Inman v. Suntrust Mortg., Inc.*, No. 1:10-CV-1031 AWI GSA, 2010

13   WL 3516309, at *2 (E.D. Cal. Sep. 3, 2010)*; Gaitan v. Mortg. Elec. Reg. Sys.*, No. EDCV 09-1009

14   VAP (MANx), 2009 WL 3244729, at *9 (C.D. Cal. Oct. 5, 2009)*; Saratoga Sav. & Loan Ass'n v.*

15   *Fed. Home Loan Bank of San Francisco*, 724 F.Supp. 683, 690 (N.D. Cal. 1989).  Mr. Jara's attempt

16   to amend his complaint to allege that Defendants failed to comply with the terms of the National

17   Housing Act, then, is futile.

18        Mr. Jara's attempt to amend his complaint to add a claim under California Civil Code §

19   2923.6 is futile as well.  A California statute will only be deemed to contain a private right of action

20   if the Legislature manifested an intent to create one.  *Moradi-Shalal v. Fireman's Fund Ins.*

21   *Companies*, 46 Cal.3d 287, 305 (1988).  Because California Civil Code § 2923.6 merely "creat[es] a

22   duty between a loan servicer and a loan pool member[,] [t]he statute in no way confers standing on a

23   borrower to contest a breach of that duty."  *Farner v. Countrywide Home Loans*, No. 08cv2193

24   BTM (AJB), 2009 WL 189025, at *2 (S.D. Cal. Jan. 26, 2009).  "Numerous district courts have

25   concluded that Section 2923.6 does not require loan servicers to modify loans and does not create a

---

[3] Mr. Jara's proposed Third Amended Complaint alleges these violations along with a violation of California Civil Code § 2923.5 in his second cause of action, titled "Failure to comply with statutory and contractual loan modification procedures."  SAC, ECF No. 41 at 7.  However, since Mr. Jara alleges violation of several statutes, he should have brought them as separate claims.

private right of action for borrowers." *Roberts v. JP Morgan Chase Bank, N.A.*, Nos. 09-CV-01855-LHK, 09-CV-01879, 2011 WL 864949, at *4 (N.D. Cal. Mar. 11, 2011) (collecting cases); *Gaitan*, 2009 WL 3244729, at *7 (denying leave to amend complaint to add a claim under California Civil Code § 2923.6 because it would be futile); *see also Mabry v. Superior Court*, 185 Cal.App.4th 208, 211 (4th Dist. 2010) (comparing California Civil Code § 2923.6, which "merely expresses the hope that lenders will offer loan modifications on certain terms," with California Civil Code § 2923.5, which "operates substantively on lenders" and "both creates rights and corresponding obligations"; holding that California Civil Code § 2923.5 *does* provide a plaintiff with a private right of action and suggesting that California Civil Code § 2923.6 *does not*).[4]

Defendants also argue that the other changes Mr. Jara made in his proposed amended complaint fail to save his remaining claims and so, again, further amendment would be futile. Opposition to Plaintiff's Motion to Amend, ECF No. 45 at 6-7. For support, they refer the court to their motions to dismiss. *Id.*

Upon review of their motions, the court does not agree that all of Mr. Jara's claims would be dismissed with prejudice.[5] For example, in arguing that Mr. Jara's RESPA claim should be dismissed, Defendants (correctly) point out that his claim does not specify which section of RESPA was allegedly violated and does not sufficiently allege how Defendants violated it. Motion to Dismiss (Aurora and MERS), ECF No. 33 at 18-19. But while these deficiencies would compel the court to dismiss Mr. Jara's claim upon Defendants' motion to dismiss, they compel a different result with respect to Mr. Jara's motion to amend. Since the court does not know upon which conduct Mr. Jara has based his claim, it cannot dismiss his claim with prejudice on, say, statute of limitations

---

[4] Mr. Jara attempts to counter this weight of authority by pointing out that there is a case currently pending before California's First District Court of Appeal in which he believes the court *may* rule that a plaintiff has a private right of action under California Civil Code § 2923.6. Motion For Permission to File Amended Complaint, ECF No. 44 at 8-9. However, this ruling, which Mr. Jara anticipates will be made in early 2012, does not currently exist and is not authority.

[5] In fact, Defendants implicitly seem to agree with this result, as they stated in their opposition to Mr. Jara's motion for leave to amend that "*many* (if not all) of [Mr. Jara's] claims must be dismissed with prejudice because they cannot be saved by any amendment." Opposition to Plaintiff's Motion to Amend, ECF No. 45 at 6 (emphasis added).

1 grounds, as Defendants urge. In such circumstances, the court cannot say that allowing Mr. Jara to file a Third Amended Complaint would be futile.

### E. Previous Amendments to Complaint

Mr. Jara previously amended his complaint[6], which, at first blush, would appear to favor Defendants' position. *See Mir v. Fosburg*, 646 F.2d 342, 347, (9th Cir. 1980) (reaffirming the rule that "a district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims"). However, in exercising its discretion, district courts look for a plaintiff's "*repeated* failure to cure deficiencies by previous amendments." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (emphasis added). Even though Mr. Jara has previously amended his complaint, the proposed Third Amended Complaint is his first attempt to amend the complaint to cure potential deficiencies pointed out by Defendants; Mr. Jara has not repeatedly failed to do this. The court recognizes the policy of "extreme liberality" in permitting amendments, and applies this policy here. *See Eminence Capital,* 316 F.3d at 1051.

### IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** Mr. Jara's motion for leave to file a Third Amended Complaint. Should he choose to do so, he shall file it within 14 days from the date of this order as a new, separate document on the court's ECF system. In light of this ruling, the court **DENIES AS MOOT** Defendants' motions to dismiss.

This disposes of ECF No. 33, 34, and 44.

**IT IS SO ORDERED.**

Dated: September 29, 2011

LAUREL BEELER
United States Magistrate Judge

---

[6] Although Mr. Jara argues that "there was no actual amended complaint" in state court (*i.e.*, his First Amended Complaint) and, rather, the original complaint was filed twice, his First Amended Complaint clearly differed in substance from his original complaint. As noted earlier, the First Amended Complaint added attorneys fees and costs to the relief previously sought in the original complaint. *Compare* Complaint, ECF No. 1 at 13 *with* FAC, ECF No.1 at 48.