UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

JOSE A. JARA,

          Plaintiff,

   v.

AURORA LOAN SERVICES, LLC, et al.,

          Defendants.
_____/

No. C 11-00419 LB

**ORDER DENYING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**

    Presently, plaintiff Jose Jara is represented by two attorneys: Glenn Moss and Patricia Turnage. On October 31, 2011, Mr. Moss filed a motion to withdraw as Mr. Jara's counsel. Motion, ECF No. 52.[1] In his motion and accompanying declaration, Mr. Moss says that withdrawal is appropriate because: (1) Mr. Jara is unable to pay for both he and Ms. Turnage; "unhappy differences" have arisen between him and Ms. Turnage; and (3) Ms. Turnage will still have the help of her associate Megan Irish, so Mr. Turnage would not be prejudiced. *Id*. at 3.[2]

    Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] On November 7, 2011, the court prematurely issued an order granting Mr. Moss's motion. November 7 Order, ECF No. 54. Because the time for filing opposition and reply briefs had not yet passed, the court vacated its November 7 Order. Amended Order Vacating November 7 Order, ECF No. 56.

C 11-00419 LB

parties who have appeared in the case." And under the retainer agreement among Mr. Jara and <u>both</u> of his attorneys, Mr. Moss and Ms. Turnage may withdraw only: (1) with Mr. Jara's consent; or (2) for good cause. Retainer Agreement, ECF No. 57-1 at 2.

As stated above, Mr. Jara has not given Mr. Moss his consent, so there must be good cause to allow him to withdraw. The courts finds that there is none. First, Mr. Moss's claim that Mr. Jara is unable to pay for the attorneys that he retained is unsupported, as Mr. Jara has not submitted any declaration to that effect. In fact, Mr. Jara – who Mr. Moss says was informed of his intention to request leave to withdraw – has yet to inform anyone of his opinion about Mr. Moss's motion. Second, while there indeed may be "unhappy differences" between Mr. Moss and Ms. Turnage (she confirmed this in her opposition), neither Mr. Moss nor Ms. Turnage have provided the court with sufficient facts in this regard. *See* Motion, ECF No. 52 at 3 (merely mentioning that "unhappy differences have developed"); Opposition, ECF No. 57 at 4 (confirming that "'unhappy differences' have arisen between [Mr. Moss and I] on an unrelated unresolved matter"); Reply, ECF No. 63 at 3 ("Without going into specifics . . . ."). Third, Ms. Turnage reports that Ms. Irish will soon be on maternity leave, so she may not be able to assist Ms. Turnage with this case in the immediate future (which will involve, should Mr. Jara so choose, the filing of another amended complaint and perhaps an opposition to a motion to dismiss). *See* Order Granting Defendants' Motions to Dismiss, ECF No. 68. On the record before it, the court does not find good cause to allow Mr. Moss to withdraw. His motion is DENIED without prejudice.[3]

This disposes of ECF Nos. 52, 53.

**IT IS SO ORDERED.**

Dated: December 14, 2011

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] Pursuant to Civil Local Rule 7-1(b), the court finds that this matter is suitable for determination without oral argument and vacates the December 15, 2011 hearing.

C 11-00419 LB
2