UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JOSE A. JARA, | No. C 11-00419 LB |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| AURORA LOAN SERVICES, | |
| Defendant(s). | |

## I. INTRODUCTION

Plaintiff Jose Jara sued Defendants Aurora Loan Services, LLC ("Aurora"), Mortgage Electronic Registration Systems ("MERS"), and California Western Reconveyance ("Cal Western") (collectively, "Defendants") for violation of federal and state law in connection with the foreclosure and sale of his property in South San Francisco, California. Third Amended Complaint ("TAC"), ECF No. 49.[1] On December 14, 2011, the court granted Defendants' two motions to dismiss Mr. Jara's Third Amended Complaint. 12/14/2011 Order, ECF No. 68; *see also* Motion (Aurora and MERS), ECF No. 50; Joinder and Motion (Cal Western), ECF No. 51.

On December 27, 2011, pursuant to this District's Civil Local Rule 7-9(a), Plaintiff filed a letter requesting leave to file a motion for reconsideration. Request, ECF No. 70. Upon consideration of Plaintiff's letter and the authority cited therein, the court DENIES his request.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-00419 LB

## II. DISCUSSION

A district court can "reconsider" final judgments or appealable interlocutory orders pursuant to Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989). A district court also can "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

Under this District's Civil Local Rules, plaintiffs must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a). In seeking permission from the court, plaintiffs must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. .N.D. Cal. Civ. L.R. 7-9(b). As such, reconsideration is appropriate only when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his letter, Plaintiff contends the second situation exists: that a new, material change in the law has emerged since the court issued its 12/14/2011 Order. Request, ECF No. 70 at 1. Plaintiff states: "On December 21, 2011[, in an amicus brief in support of the plaintiffs' appeal in *Birster v. American Home Mortgage Servicing, Inc.*, No. 11-13574-G (11th Cir. 2011), ] the Consumer Financial Protection Bureau [("CFPB")]. . . took an official position that trustees such as Cal Western must comply with the entire FDCPA, and not merely 15 U.S.C. § 1692f(6), in connection with non-judicial trustee sales." *Id.* (citing Amicus Brief, *Birster v. Am. Home Mortg. Serv., Inc.*, No. 11-13574-G (11th Cir. Dec. 22, 2011)). This new "official position," Plaintiff argues, contradicts this court's reasoning in its 12/14/2011 Order and, thus, his request for leave to file a motion for reconsideration should be granted.

C 11-00419 LB
2

The court disagrees. Plaintiff has misunderstood the CFPB's arguments in its amicus brief and their relationship to this court's reasoning its 12/14/2011 Order. In the 12/14/2011 Order, the court dismissed Plaintiff's FDCPA claim for two reasons: (1) because he did not sufficiently allege that Cal Western is a "debt collector," *see* 12/14/2011 Order, ECF No. 68 at 6-7; and (2) because acts required to institute foreclosure proceedings, alone, are not debt collection activities with respect to his claim for violation of 15 U.S.C. § 1692g, *see id.* at 7-9.

It is true that the CFPB's brief discusses the first reason. As the CFPB puts it, one of the issues addressed in its brief is whether "a person who meets the FDCPA's general definition of 'debt collector' qualif[ies] as a debt collector for purposes of the entire Act if (a) he also qualifies as a debt collector under the additional definition applicable to § 1692f(6), and (b) he is enforcing a security interest in the particular case." Amicus Brief at 11. But as the court explained in its 12/14/2011 Order, Plaintiff failed to sufficiently allege facts to support his conclusory allegation that Cal Western acted as a "debt collector." 12/14/2011 Order, ECF No. 68 at 6-7. Nothing in the CFPB's discussion changes that.

It is also true that CFPB's brief addresses the issue whether "attempting to obtain payment of a consumer debt cease[s] to qualify as debt collection covered by the Act if the debt collector or a related party simultaneously attempts to enforce a security interest backing the debt." Amicus Brief at 11. While this issue certainly is related to the second reason the court relied upon in its 12/14/2011 Order, the CFPB's argument does not affect this court's decision. In his Third Amended Complaint, Plaintiff's FDCPA claim against Cal Western was based only on Cal Western's foreclosure-related acts.[2] And after analyzing the relevant authority bearing upon such allegations, the court concluded that Plaintiff's FDCPA claim must be dismissed because acts required to institute foreclosure proceedings, alone, are not debt collection activities with respect to a claim for

---

[2] With respect to Cal Western, Plaintiff only alleged that he was current on his obligations under the plan when Cal Western recorded a notice of default on the property, that Cal Western did not provide him with a debt validation notice prior to recording the default, and that Cal Western conducted a trustee's sale on August 25, 2010. Third Amended Complaint, ECF No. 49 at ¶¶ 9, 10, 12, 16; Request for Judicial Notice, ECF No. 62, Ex. 10 (notice of default), Ex. 13 (trustee's deed upon sale).

C 11-00419 LB
3

violation of 15 U.S.C. § 1692g. 12/14/2011 Order, ECF No. 68 at 9.

In the pending appeal before the Eleventh Circuit, however, the plaintiffs-appellants' FDCPA claim is based on the defendant-appellee's collection efforts made <u>in addition to</u> its foreclosure-related acts. Indeed, the CFPB took steps to make this distinction quite clear when it wrote: "Although the district court suggested that foreclosure by itself does not constitute debt collection activity subject to the entire FDCPA, that issue is not actually presented in this case. [Plaintiffs-Appellants'] claims are not based on the foreclosure itself, but rather on [Defendant-Appellee's] related attempts to induce [Plaintiffs-Appellants] to pay amounts they owed." Amicus Brief at 41-42 (footnote omitted). And the CFPB even seems to agree with the district court's "suggestion," conceding that "the [FDCPA's] definition of 'debt collector' . . . suggests that the enforcement of a security interest, standing alone, does not necessarily qualify as debt collection." Amicus Brief at 35 (citing 15 U.S.C. § 1692a(6)). Because this "suggestion" was this court's second reason for dismissing Plaintiff's FDCPA claim here, Plaintiff's argument that the CFPB's brief supports its request for leave to file a motion for reconsideration fails.

### III. CONCLUSION

Based on the foregoing, Plaintiff's request for leave to file a motion for reconsideration is DENIED. In light of the request, however, Plaintiff shall have 7 additional days to file a Fourth Amended Complaint. Rather than having to file one by January 14, 2012 (the current deadline), Plaintiff may file a Fourth Amended Complaint no later than January 21, 2012.

This disposes of ECF No. 70.

**IT IS SO ORDERED.**

Dated: January 9, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 11-00419 LB

4