UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOSE A. JARA,<br><br>                Plaintiff,<br>   v.<br>AURORA LOAN SERVICES, LLC, et al.,<br><br>                Defendants. | No. C 11-00419 LB<br><br>**ORDER GRANTING PLAINTIFF'S COUNSELS' MOTION TO WITHDRAW**<br><br>[Re: ECF No. 76] |

## I. BACKGROUND

Presently, plaintiff Jose Jara is represented by two attorneys: Glenn Moss and Patricia Turnage. On March 7, 2012, they moved to withdraw as Mr. Jara's counsel because, in short, Mr. Jara is no longer cooperating with them and has not fully paid his legal bills in recent months. Motion to Withdraw, ECF No. 76; Turnage Declaration, ECF No. 76-1 at 1-2, ¶¶ 3, 7-9; Moss Declaration, ECF No. 76-1 at 4-5, ¶¶ 2, 5-6.[1] They served the motion and supporting papers on Mr. Jara and Defendants on March 7, 2012. Proof of Service, ECF No. 76 at 4. No one has opposed their motion.

## II. LEGAL STANDARD

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or *pro se* if the client is not a corporate defendant. Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw, including if the client breaches an agreement or obligation to its counsel as to expenses or fees. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2 (holding withdrawal is proper where client failed to pay an unspecified amount of attorney's fee and client refused to communicate with its attorney despite attorney's multiple attempts to contact him).

An attorney may also request withdrawal on the basis of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with its attorney. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2. The decision to grant or deny a motion to withdraw is discretionary with the court, and the court can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) *(citing Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (holding there was no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

### III. DISCUSSION

Mr. Moss and Ms. Turnage say nothing about Mr. Jara consenting to their withdrawal, so they argue that good cause exists to grant their motion. The courts finds that good cause exists. As stated above, the failure of a client to pay his or her legal bills as required under a retainer agreement is a

valid ground for withdrawal. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2. Moreover, Mr. Jara received notice of his counsels' intent to withdraw, and neither he nor Defendants have stated that Mr. Moss's and Ms. Turnage's withdrawal will cause them undue hardship or prejudice. The court notes, too, that this action has been dismissed with prejudice, so their withdrawal will not unduly delay the proceedings. *See* 03/30/2012 Order, ECF No. 87; Judgment, ECF No. 88.

## IV.  CONCLUSION

Accordingly, this court GRANTS Mr. Moss and Ms. Turnage's motion to withdraw.[2] However, because Mr. Jara has not consented to the withdrawal and no substitution of counsel has been filed on his behalf, the motion is granted on the condition that all papers from the court and from Defendants shall continue to be served on Mr. Moss and Ms. Turnage for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b).

This disposes of ECF No. 76.

**IT IS SO ORDERED.**

Dated: March 30, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds that this matter is suitable for determination without oral argument and vacates the April 19, 2011 hearing.