UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOSE A. JARA, | No. C 11-00419 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO EXPUNGE *LIS PENDENS*** |
| v. | |
| AURORA LOAN SERVICES, LLC, et al., | [Re: ECF No. 101] |
| Defendants. | |

Jose Jara sued Aurora Loan Services, LLC ("Aurora") and Mortgage Electronic Registration Systems ("MERS") (collectively, "Defendants") for violation of federal and state law in connection with the foreclosure and sale of his property located at 330 Arbor Drive, South San Francisco, California. (Fourth Amended Complaint, ECF No. 72, ¶ 1[1], Request for Judicial Notice ("RJN"), ECF No. 102-3, Ex. 14, ¶ 1.[2]) In connection with this action, Mr. Jara filed a *lis pendens* against his

---

[1] Record citations are to documents in Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Defendants request that the court judicially notice Exhibits 1 through 28. RJN, ECF No. 102, Exs. 1-28.

The court may take judicial notice of matters of public record. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Exhibits 19, 24, 25, 26, 27, and 28 are public records of which the court previously took judicial notice. And although several other documents (20, 21, 22, and 23) are not public records, the court previously took judicial notice of them because they are documents whose authenticity was not challenged and Mr. Jara's complaint relied upon them. *See Knievel v. ESPN*,

C 11-00419 LB
ORDER

property in the Official Records of the County of San Mateo. (RJN, ECF No. 102-1, Ex. 3 at 20.) The court dismissed Mr. Jara's Fourth Amended Complaint with prejudice and entered judgment in favor of Defendants and against Mr. Jara in March 2012. (3/30/12 Order, ECF No. 87; 3/30/12 Judgment, ECF No. 88.) Mr. Jara appealed the court's final judgment to the United States Court of Appeals for the Ninth Circuit. (Notice of Appeal, ECF No. 91.) The Ninth Circuit has yet to rule on this court's final judgment against Mr. Jara. (5/21/14 Order of USCA, ECF No. 100.) Defendants now move to expunge the *lis pendens*. (Motion to Expunge *Lis Pendens*, ECF No. 101.) Mr. Jara did not file an opposition responding to Defendants' motion, and his time for doing so has passed.

Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the December 4, 2014 hearing. For the reasons explained below, the court **GRANTS** Defendants' motion to expunge the *lis pendens*.

Federal courts look to state law regarding matters pertaining to *lis pendens*. *See* 28 U.S.C. § 1964. "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Code Civ. Proc. § 405.20.

---

393 F.3d 1068, 1076-77 (9th Cir. 2005); RJN, ECF No. 102, Exs. 20-23. With regard to the request for judicial notice of Exhibits 4 to 18, the court need not take judicial notice of its own documents. *See Johnson v. Haight Ashbury Med. Clinics, Inc.*, No. C-11-02052-YGR, 2012 WL 629312, at *1 (N.D. Cal. Feb. 27, 2012) (denying a request for judicial notice "because it is unnecessary to take judicial notice of documents in the record in this action"); *Martinez v. Blanas*, No. 2:06-cv-0088 FCD DAD (PC), 2011 WL 864956, at *1 n.1 (E.D. Cal. Mar. 10, 2011) ("Defendant's request for judicial notice of the second amended complaint will be denied as unnecessary. The second amended complaint and its exhibits are a part of the record in this action."); RJN, ECF No. 102, Exs. 4-18. Exhibits 1 and 2 were already filed as exhibits attached to the Notice of Removal. *See Patoc v. Lexington Ins. Co.*, No. 08-01893 RMW (PVT), 2008 WL 3244079, at *1 n.3 (N.D. Cal. Aug. 5, 2008) ("Because this complaint is already before the Court as an exhibit to the Notice of Removal, the Court does not need to take judicial notice of this complaint."); *see also Jackson v. Med. Bd. of Cal.*, 424 F. App'x 670, 670 (9th Cir. Mar. 25, 2011); Notice of Removal, ECF No. 1, Exs. 1-2. Exhibit 3, which is the *Lis Pendens* that Mr. Jara recorded in the Official Records of San Mateo County, however, is a public record of which the court has not previously taken judicial notice. Thus, the court takes judicial notice of the undisputable facts contained in Exhibit 3 from Defendants' request for judicial notice. *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); *see* RJN, ECF No. 102-1, Ex. 3 at 20. Accordingly, the court grants in part Defendants' request for judicial notice as described above.

1  The purpose of a *lis pendens* is to give "constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." *BGJ Associates, LLC v. Super. Ct.*, 75 Cal. App. 4th 952, 966 (2000). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." *Id.* Once filed, a *lis pendens* clouds the title and, in effect, prevents the property's transfer until the litigation is resolved or the *lis pendens* is expunged. *Id.* Because of the "serious consequences flowing from it," *lis pendens* "is a provisional remedy[,] which should be applied narrowly." *Id.* at 967.

A motion for expungement may be brought at any time after notice of pendency has been recorded. Cal. Code Civ. Proc. § 405.30. The party who recorded the notice of *lis pendens* bears the burden of proof in opposing expungement. *Id.* A *lis pendens* shall be expunged if the court finds either that the pleading on which the notice is based does not contain a real property claim or that the claimant failed to establish by a preponderance of the evidence the probable validity of the real property claim. Cal. Code Civ. Proc. §§ 405.31, 405.32; *see Hunting World, Inc. v. Super. Ct. of S.F.*, 22 Cal. App. 4th 67, 70-71 (1994). "[O]n a motion to expunge a *lis pendens* after judgment against the claimant and while an appeal is pending, the trial court must grant the motion unless it finds it more likely than not the appellate court will reverse the judgment." *Amalgamated Bank v. Super. Ct.*, 149 Cal. App. 4th 1003, 1015 (2007).

Here, Mr. Jara did not oppose expunging the *lis pendens* that he recorded against his property; thus, he failed to meet his burden of proving by a preponderance of evidence the probable validity of a real property claim. *Cua v. Mortg. Elec. Registration Sys., Inc.*, No. C 09-01605 SBA, 2012 WL 2792437, at *2 (N.D. Cal. July 9, 2012) (citing *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1147 n.3 (9th Cir. 2004)). Although there is an appeal pending that "may affect title to or possession of the real property described in the *lis pendens*[,]" Mr. Jara has not provided any reasons "why the Ninth Circuit would reverse this [c]ourt's decisions" to dismiss Mr. Jara's Fourth Amended Complaint and enter a judgment in favor of Defendants. *Masson v. Selene Fin. LP*, No. 12-05335 SC, 2013 WL 4427116, at *2 (N.D. Cal. Aug. 15, 2013). Mr. Jara "failed to meet or otherwise address [his] burden here, [therefore,] Defendants' [m]otion is **GRANTED**." *Id.*

Based on the foregoing, the court **GRANTS** Defendants' motion to expunge the *lis pendens*

recorded against the property located at 330 Arbor Drive, South San Francisco, California.

**IT IS SO ORDERED.**

Dated: November 25, 2014

_____
LAUREL BEELER
United States Magistrate Judge