UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOSE A. JARA, | No. C 11-00419 LB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S "MOTION FOR OBJECTING TO EXPUNGE OF *LIS PENDENS*"** |
| v. | |
| AURORA LOAN SERVICES, LLC, et al., | [Re: ECF No. 106] |
| Defendants. | |

This case involves Plaintiff Jose Jara's lawsuit against Aurora asserting federal and state claims in connection with the foreclosure and sale of his property located at 330 Arbor Drive, South San Francisco, California. (Fourth Amended Complaint ("FAC"), ECF No. 72, ¶ 1[1]). The court dismissed the FAC with prejudice and entered judgment in favor of Defendants and against Mr. Jara in March 2012. (3/30/12 Order, ECF No. 87; 3/30/12 Judgment, ECF No. 88.) Mr. Jara appealed the court's final judgment to the United States Court of Appeals for the Ninth Circuit, which has yet to rule. (Notice of Appeal, ECF No. 91; 5/21/14 Order of USCA, ECF No. 100.) In connection with this action, Mr. Jara filed a *lis pendens* against his property in the Official Records of the County of San Mateo. (RJN, ECF No. 102-1, Ex. 3 at 20.) On October 27, 2014, Defendants moved to expunge the *lis pendens*. (Motion to Expunge *Lis Pendens*, ECF No. 101.) The opposition was due

---

[1] Record citations are to documents in Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C 11-00419 LB
ORDER

on October 9, 2014. (10/28/14 Docket Entry.) Mr. Jara did not file an opposition. (*See* Docket.) The court thereafter found the matter suitable for determination without a hearing under Civil Local Rule 7-1(b) and granted Defendants' motion to expunge the *lis pendens*. (11/25/14 Order, ECF No. 105.)

On December 2, 2014, Mr. Jara filed a "Motion For Objecting To Expungement of Lis Pendens." (Motion, ECF No. 106.) "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). As such, the court will do so.

To the extent that Mr. Jara's motion can be construed as an opposition to Defendants' motion, it is untimely. Indeed, it was filed after the court ruled on Defendants' motion. (*See* 11/25/14 Order, ECF No. 105.)

To the extent that Mr. Jara's motion can be construed as a motion for leave to file a motion for reconsideration of the court's dismissal of his action, it also fails. Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a).[2] In seeking permission from the court, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b).

Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the court is presented with newly

---

[2] Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

C 11-00419 LB
ORDER  2

discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." N.D. Cal. Civ. L.R. 7-9(d).

Upon consideration of the applicable standard, the court concludes that Mr. Jara's request must be denied. He has not presented the court with newly discovered evidence, shown that the court's dismissal was in clear error or manifestly unjust, or shown that there has been an intervening change in controlling law. Instead, he cites to a decision by the California Court of Appeals for the Fifth District, *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 (Cal. Ct. App. 2013), which held that a borrower, whose loan had been organized into a trust formed under New York law, had standing to challenge an assignment of his note because the defendants failed to assign the trust before the trust's closing date, creating a defect in the chain of transfer. See id. at 1096. Why this decision matters in this case is not clear, as the court did not rule that Mr. Jara lacked standing to pursue his claims; it ruled that his claims failed because he could not and did not sufficiently allege them. (*See* 3/30/2012 Order, ECF No. 87.) Even so, *Glaski* has been heavily criticized both by courts in this district and by other California Courts of Appeals. As Judge Koh has explained:

> . . . *Glaski* conflicts with several other California Courts of Appeal cases that have held that a mortgage borrower, as a third party, does not have a cause of action due to irregularities in the chain of transfer. *See*, *e.g.*, *Jenkins*, 216 Cal. App. 4th at 515 ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [Plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions."); *Fontenot*, 198 Cal. App. 4th at 272–73 (stating Plaintiff had no cause of action for merely alleging irregularities in the assignment process). The viewpoint expressed in *Glaski* is in the minority, and numerous other California appellate courts have declined to follow it, even where the trust at issue was organized under New York law. *See Yvanova v. New Century Mortg. Co.*, No. B247188, 2014 WL 2149797, at *5 (Cal. Ct. App. 2d Apr. 25, 2014) (declining to follow *Glaski*); *Sporn v. JP Morgan Chase Bank N.A.*, No. G047501, 2014 WL 280627, at *5 (Cal. Ct. App. 4th Jan. 27, 2014) (categorizing the holding in *Glaski* as a minority view and declining to follow it). "Moreover, courts in this District have expressly rejected *Glaski* and adhered to the majority view that

individuals who are not parties to a PSA [Pooling and Serving Agreement] cannot base wrongful foreclosure claims on alleged deficiencies in the PSA/securitization process." *Apostol*, 2013 WL 6328256, at *7; *see also Giseke v. Bank of Am., N.A.*, No. 13–04772 JST, 2014 WL 718463, at *3 (N.D. Cal. Feb. 23, 2014) ("To the best of the Court's knowledge, no court has yet followed *Glaski* on this point, and many have pointedly declined to."); *Mottale v. Kimball Tirey & St. John, LLP*, No. 13–01160 GPC, 2014 WL 109354, at *4 (S.D. Cal. Jan. 10, 2014) ("[T]he weight of authority rejects *Glaski* as a minority view on the issue of a borrower's standing to challenge an assignment as a third party to that assignment."); *Flores*, 2013 WL 2049388, at *3 ("Even assuming, however, that there was some deficiency in MERS' assignment or substitution with respect to the deed of trust, plaintiffs do not have standing to assert ... causes of action that they claim arise out of that deficiency.")

*Moran v. GMAC Mortg., LLC*, Case No.: 5:13–CV–04981–LHK, 2014 WL 3853833, at *5 (Aug. 5, 2014). And as Judge Grewal has noted, "[t]he Ninth Circuit even weighed in with *In re Davies*[, 565 Fed. Appx. 630, 633 (9th Cir. Mar. 24, 2014)]. In *Davies*, the circuit declined to allow a wrongful foreclosure claim based upon defects in chain of title, stating that "the weight of authority holds that debtors" who "are not parties to the pooling and servicing agreements cannot challenge them. We believe the California Supreme Court, if confronted with this issue, would so hold.[ *Id.*]" *Patel v. U.S. Bank, N.A.*, Case No. 5:13–cv–00748–PSG, 2014 WL 3870388, at *4 (Aug. 6, 2014). Thus, the court once again finds that Mr. Jara has not met burden of proving by a preponderance of evidence the probable validity of a real property claim. Accordingly, his motion for leave to file a motion for reconsideration is denied.

This disposes of ECF No. 106.

**IT IS SO ORDERED.**

Dated: December 9, 2014

_____
LAUREL BEELER
United States Magistrate Judge