UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSE ANTONIO JARA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AURORA LOAN SERVICES, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 3:11-cv-00419-LB<br><br>**ORDER DENYING THE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF No. 108] |

　　This case involves the plaintiff Jose Jara's assertion of federal and state claims against Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. in connection with the foreclosure of his property located at 330 Arbor Drive, South San Francisco, California. (Fourth Amended Complaint, ECF No. 72, ¶ 1). The court dismissed the Mr. Jara's Fourth Amended Complaint with prejudice and entered judgment in favor of the defendants and against Mr. Jara in March 2012. (3/30/12 Order, ECF No. 87; 3/30/12 Judgment, ECF No. 88.) Mr. Jara appealed the court's final judgment to the United States Court of Appeals for the Ninth Circuit, which has yet to rule. (Notice of Appeal, ECF No. 91; *see* Motion, ECF No. 108 at 3.)

　　On September 8, 2015, Mr. Jara filed in this court an "emergency motion under [Ninth] Circuit Rule 27-3" (Emergency and Urgent Motions), which asks the court to issue a temporary restraining order enjoining the defendants from conducting a foreclosure sale that currently is set for September 12, 2015. (Motion, ECF No. 108.)

ORDER (No. 3:11-cv-00419-LB)

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat'l Resources Defense Council, Inc. v. S.W. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir .1982)). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Id.* (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir.1983); 20 James Wm. Moore, Moore's Federal Practice, § 303.32[1] (3d ed. 2000)).[1]

Mr. Jara appealed the court's order granting the defendants' motion to dismiss and dismissing his Fourth Amended Complaint. His motion for a temporary restraining order asks the court to enjoin the defendants because the Ninth Circuit has not yet ruled on this appeal. This court, however, is divested of jurisdiction over that matter. Jurisdiction instead lies with the Ninth Circuit. In addition, the court notes that Mr. Jara also filed in his appellate matter a motion asking the Ninth Circuit to enjoin the defendants for the very same reason he asserts here. A ruling on a motion by this court, when the same motion is pending before the Ninth Circuit, would not promote judicial economy and would create unnecessary confusion. Accordingly, the court denies Mr. Jara's motion.

**IT IS SO ORDERED.**

Dated: September 9, 2015

_____
LAUREL BEELER
United States Magistrate Judge

---

[1] There is an exception that does not apply here. "The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Nat'l Resources Defense Council, Inc. v. S.W. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). "This exception to the jurisdictional transfer principle has been codified in Rule 62(c) of the Federal Rules of Civil Procedure . . . ." *Id.* Rule 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Here, Mr. Jara's appeal is from the court's dismissal of his Fourth Amended Complaint, not from an interlocutory order or judgment granting, dissolving, or denying an injunction.

ORDER (No. 3:11-cv-00419-LB)